IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VIRGINIA SWEENEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IVANTI, INC. and CLEARLAKE )<br>CAPITAL GROUP, L.P., )<br>)<br>Defendants. ) | Case No. 2:21-cv-2540-JAR-TJJ |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion to Compel Discovery filed by Ivanti, Inc. ("Ivanti") (ECF No. 40). Ivanti requests, pursuant to Fed. R. Civ. P. 37 and D. Kan. Rule 37.1, an order compelling Plaintiff to fully respond to certain Interrogatories and Requests for Production of Documents. For the following reasons, the motion is granted in part and denied in part.

### I.      Relevant Background

On February 1, 2022, Ivanti served its First Interrogatories and Request for Production of Documents to Plaintiff.[1] After requesting a thirty-day extension, Plaintiff served her answers and objections to the interrogatories on March 23, 2022,[2] and her responses and objections to the requests for production on March 25, 2022.[3] On March 31, 2022, Ivanti sent Plaintiff a Golden Rule Letter dated March 29, 2022, regarding Plaintiff's responses to its interrogatories and

---

[1] *See* Cert. of Service (ECF No. 20).

[2] *See* Cert. of Service (ECF No. 31).

[3] *See* Cert. of Service (ECF No. 33).

requests for production.[4] On April 25, 2022, Ivanti requested and was granted an extension of its D. Kan. Rule 37.1(b) deadline until May 23, 2022 to file a motion to compel regarding its first interrogatories and until May 25, 2022 to file a motion to compel regarding its first requests for production of documents.

On Friday, May 20, 2022, Plaintiff's counsel sent an email to counsel for Ivanti stating he was going to need until Monday, May 23, 2022, to send Plaintiff's supplemental document production.[5] On May 23, 2022 at 2:22 pm, counsel for Ivanti emailed Plaintiff's counsel inquiring when he was going to send the supplemental documents and stating "[i]f we don't get them by 4:30, we're going to file a motion to compel."[6] At 4:26 pm, counsel for Plaintiff emailed, "I'm getting ready to send the documents. . . . I'll have them to you by 5 pm."[7] At 5:24 pm, Ivanti filed this motion to compel.[8] Approximately, an hour later at 6:30 pm, Plaintiff produced 66 pages of responsive documents as her supplemental production.[9]

From the email string provided to the Court, it appears that the lack of communication

---

[4] Ex. 3 to Def. Ivanti's Mem. in Supp. of Mot. to Compel (ECF No. 41-3).

[5] Email string, Ex. A to Pl.'s Resp. (ECF No. 50-1).

[6] *Id.*

[7] *Id.*

[8] The Court notes that although Ivanti's deadline for filing its motion to compel with respect to the interrogatories was May 23, 2022, its deadline with respect to the requests for production was May 25, 2022.

[9] Email string, Ex. A to Pl.'s Resp. (ECF No. 50-1).

between counsel for an hour on May 23, 2022 between 4:26 pm and 5:24 pm resulted in Ivanti filing a discovery motion that was moot with respect to its complaints Plaintiff failed to supplement her earlier discovery responses. From a review of Ivanti's reply brief, it appears the following discovery requests remain at issue: Interrogatory Nos. 3, 5, 6, 12, 14, 17-19, 24, 25, and Request for Production Nos. 3, 6, 7, and 9.

The Court finds Ivanti's counsel made reasonable efforts to confer with Plaintiff's counsel in good faith regarding the issues in dispute, prior to filing of the instant motion to compel, in compliance with D. Kan. Rule 37.2.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[10]

Considerations of both relevance and proportionality govern the scope of discovery.[11] Relevance is still to be "construed broadly to encompass any matter that bears on, or that

---

[10] Fed. R. Civ. P. 26(a)(1).

[11] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

3

reasonably could lead to other matter that could bear on" any party's claim or defense.[12] Information still "need not be admissible in evidence to be discoverable."[13] The amendment to the rule deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[14]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[15] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[16] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[17]

---

[12] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[13] Fed. R. Civ. P. 26(b)(1).

[14] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[15] *Id.*

[16] *Id.*

[17] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[18] Relevancy determinations are generally made on a case-by-case basis.[19]

**III.   Interrogatories and Requests for Production in Dispute**

    **A.   Interrogatory No. 3**

Ivanti's Interrogatory No. 3 asks for Plaintiff's work history from high school to date. Plaintiff's answer provided a detailed overview of her work history from 1979 to the present, including the names of her previous employers, positions held, and dates of employment. Ivanti argues the answer is not sufficient because it only states the date she began work for the last listed employer and does not make it clear whether she is currently still employed there.

The Court finds Plaintiff's answer to Interrogatory No. 3 to be sufficient. The last sentence of her answer states, "Plaintiff joined Zendesk on November 8, 2021 as a Sales Executive." This combined with her answer to Interrogatory No. 13, which states, "Plaintiff has been at Zendesk from November 8, 2021 to the present" appears to address Ivanti's criticism of her interrogatory answer. Ivanti's motion to compel with respect to Interrogatory No. 3 is denied.

    **B.   Interrogatory No. 5**

Interrogatory No. 5 asks Plaintiff whether she has been a party to a civil lawsuit or made a claim for workers' compensation, disability benefits or unemployment compensation for the

---

[18] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[19] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

past ten years. After asserting relevance, overbreadth, and temporal objections, Plaintiff answered that she made a claim for unemployment compensation benefits and the dates she received benefits. In its motion to compel, Ivanti argues that Plaintiff's answer is not fully responsive because it fails to state whether Plaintiff had an attorney for her unemployment compensation claim and fails to identify the case number of the claim.

The Court sustains Plaintiff's relevance objection to the extent the interrogatory asks her to indicate whether she had an attorney when she applied for unemployment compensation benefits and the case number of her claim. As the relevancy of this information is not readily apparent on its face, Ivanti, the party seeking the discovery, has the burden to show the relevancy. Ivanti fails to show how this particular information is relevant to any of Plaintiff's claims or its defenses in this lawsuit. The motion to compel with respect to Interrogatory No. 5 is denied.

### C.     Interrogatory No. 6

Interrogatory No. 6 asks Plaintiff whether she has ever "(1) filed a charge of discrimination; (2) complained (orally or in writing) to anyone regarding workplace harassment, discrimination, retaliation; or (3) threatened to sue anyone" and the details of each. Plaintiff objected to the interrogatory as being vague and ambiguous in its use of the terms "complained" and "threatened," but provided the following answer:

> Plaintiff has accused her former employers, Defendants Ivanti, Inc. and Clearlake Capital Group, L.P., of unlawful conduct, including but not limited to sex discrimination, age discrimination, religious discrimination, disability discrimination, as well as retaliation for opposing prohibited acts and engaging in protected activity.

Ivanti argues that Plaintiff fails to fully respond to this Interrogatory because she alleges retaliation but does not include any "complaint" to Ivanti in her interrogatory answer. It argues this information is explicitly requested and, if there are no complaints, Plaintiff cannot establish a claim of retaliation as she will not have engaged in a protected activity. Plaintiff argues she has fully answered by referencing the complaints detailed in her Complaint. In its reply, Ivanti argues that Plaintiff's reliance on the allegations in her Complaint is inadequate.

The Court overrules Plaintiff's objections and finds her answer does not fully respond to the Interrogatory. The terms "complained" and "threatened" are sufficiently understood from the context of the Interrogatory's other language and would include any complaints that Plaintiff made to her former employers that she would rely upon to support her claim of retaliation. To the extent Plaintiff intends her answer to include information or allegations in her Petition or other pleadings, she shall provide specific references in her answer (including paragraph number) to the documents that contain such information. The motion to compel with respect to Interrogatory No. 6 is granted.

**D.      Interrogatory No. 12**

Interrogatory No. 12 asks Plaintiff to "identify every person/entity to whom you sent a resume and/or for whom you completed an employment application; the position sought; the date any application/resume was submitted; and whether a position was offered, and if so, the rate of pay and benefits of the position." After objecting to the interrogatory as vague and ambiguous, unduly burdensome, and overbroad, Plaintiff listed more than two dozen companies with whom she interviewed for sales executive positions, along with dates, from the time her employment with Ivanti ended to the present. Ivanti argues that Plaintiff's answer is not sufficient because she

failed to provide any information on the bonus or commission compensation she was eligible to receive (or did, in fact, receive) at the two jobs she accepted. Nor did she state she was not eligible for any bonus or commission at either of these jobs.

The Court notes that Plaintiff's answer to another interrogatory, No. 13, provides information about her annual salary and bonus at the two jobs she accepted. With respect to the terms "rate of pay" and "benefits," the Court does find those terms are vague and ambiguous and would not obviously include any bonus or commission compensation Plaintiff may have been eligible to receive. The Court sustains these objections to the interrogatory. Moreover, Plaintiff's W-2's, which she produced or will be producing in response to Request for Production No. 6, would provide information about the amount of any bonus or commission Plaintiff did in fact receive from positions she accepted. The Court sustains these objections to the interrogatory. The motion to compel with respect to Interrogatory No. 6 is denied.

### E.      Interrogatory No. 14

Interrogatory No. 14 asks Plaintiff to identify "all individuals or entities from whom you have sought employment or that have otherwise offered you employment opportunities from sixty (60) days before your employment with Defendant ended to the present," including whether a position was offered as a result. Plaintiff objected and referenced her answers to Interrogatory Nos. 12 and 13. Ivanti argues that Plaintiff's answer is incomplete because it does not disclose whether Plaintiff sought or received offers of employment within 60 days of when her employment with Ivanti ended. Ivanti contends if Plaintiff did not seek or receive any such offers, her answer should be supplemented to make that clear because the information is directly relevant to the timing of Plaintiff's mitigation efforts, if any.

Plaintiff's reference to her answers to Interrogatory No. 12 (identifying the entities from whom Plaintiff applied for employment) and No. 13 (identifying entities from whom Plaintiff accepted employment) does not sufficiently answer whether she received offers of employment that she did <u>not</u> accept. The Court finds this information would be relevant to Plaintiff's efforts to mitigate her damages. The motion to compel Interrogatory Nos. 14 is granted insofar as Plaintiff shall serve a supplemental answer that identifies all offers of employment she received within 60 days of the end of her employment with Ivanti. If she did not seek or receive any such offers, her answer should be supplemented to make that clear.

### F.  Interrogatory No. 17

Interrogatory No. 17 asks Plaintiff to describe her injuries, identify every health care provider who has treated her for such injuries, any medications the health care providers prescribed, and generally identify the occasions or time period she was treated by them. Plaintiff objected on grounds that the interrogatory is compound, overbroad, vague, ambiguous, calls for legal conclusion, and seeks information protected by the physician-patient privilege. But Plaintiff did provide a half-page narrative answer describing her injuries, without identifying any health care providers, medications prescribed, or dates of treatment.

In response to Ivanti's motion, Plaintiff does not reassert her physician-patient privilege objection. Instead, she states she is not opposed to signing a medical authorization properly tailored to the issues raised in her lawsuit, but is opposed to signing the blanket requests for medical records proposed by Ivanti.

The Court has reviewed the proposed authorizations for Plaintiff's disclosure of protected health information Ivanti attached to its reply (ECF No. 54-2). A review of Ivanti's proposed

9

authorization for protected health information (not including psychotherapy notes) reveals that it is a very broad authorization with no limitations for time period, health care provider, type of medical record, treatment type, or scope of the medical records sought. The Court agrees with Plaintiff that this authorization is overly broad and would permit the disclosure of Plaintiff's protected health information not relevant to her alleged injuries in this case. The Court therefore sustains Plaintiff's overbroad objections to the Interrogatory and to Ivanti's proposed authorization. The motion to compel with respect to Interrogatory No. 17 is otherwise granted. Plaintiff is therefore ordered to supplement and fully answer Interrogatory No. 17 to (1) identify any health care provider that has provided her treatment for the injuries for which she is claiming damages in this lawsuit; (2) identify any medication prescribed for these alleged injuries; and (3) provide the dates or time frames she received treatment.

### G.    Interrogatory No. 18

Interrogatory No. 18 requests that Plaintiff "state whether you have sought treatment from or been treated by a psychologist, psychiatrist, counselor, or therapist since the age of eighteen (18). If so, please identify [any] individual from whom you sought treatment, the general reason you sought treatment, and the occasion or time period when you sought treatment." Plaintiff objected that the interrogatory is compound, overbroad, vague, ambiguous, calls for legal conclusion, not reasonably limited as to time, and requests information protected by the physician-patient privilege.

With respect to Plaintiff's assertion of physician-patient privilege, the Court finds Plaintiff never re-asserted the privilege in response to the motion to compel or met her burden to establish the elements of the privilege. The Court will, however, sustain Plaintiff's objections

10

that the Interrogatory is overly broad and seeks irrelevant information by asking Plaintiff whether she has sought treatment since the age of eighteen. Plaintiff states in her Petition that she was 64 at the time her employment was terminated, which means the interrogatory is asking for 46 years of Plaintiff's mental health history. The scope of the Interrogatory is not proportional to the needs of the case or to the issues for which it is being requested. The motion to compel is granted in part and denied in part. Plaintiff shall answer Interrogatory No. 18, but it shall be limited to any psychologist, psychiatrist, counselor, or therapist from whom Plaintiff sought treatment since January 1, 2015.

**H.     Interrogatory No. 19**

Interrogatory No. 19 asks Plaintiff:

> At any time during your employment with Defendant, did you keep any notes, diaries, journals, calendars, or other records of any events or conversations that relate to your termination or other allegations in your Petition, or otherwise reference events at work? If so, please provide the following:
> (a) A description of any document identified;
> (b) The date the document(s) was created;
> (c) The specific allegation(s) to which each document is related; and
> (d) The current location of each document.

Plaintiff objected and stated she was reviewing her records and will either supplement or produce any responsive, non-privileged documents. In her response brief, Plaintiff states that she supplemented this interrogatory by producing 66 pages of supplemental documents. Ivanti argues in its reply brief that Plaintiff did not supplement her answer to identify the specific documents she contends are responsive to this interrogatory. Alternatively, if the documents only provide a

partial or incomplete answer, Plaintiff should be required to identify the documents and provide a narrative response to the portions of the Interrogatory the documents do not answer.

The Court agrees with Ivanti that Plaintiff has failed to supplement her answer to Interrogatory No. 19 and identify which documents, of the 66 pages she produced in her supplemental production, answer the interrogatory. If the documents produced and identified by Plaintiff fail to fully answer all information requested in the interrogatory, Plaintiff shall also include a narrative response in her supplemental answer. The motion to compel with respect to Interrogatory No. 19 is granted.

I. **Interrogatory Nos. 24 and 25**

Interrogatory No. 24 asks Plaintiff to identify the consideration supporting the alleged implied contract she claims Ivanti breached when it terminated her employment. Interrogatory No. 25 requests that Plaintiff identify the terms of the alleged implied contract. Plaintiff objected to each interrogatory as "being a contention interrogatory more properly answered at the end of discovery, and for calling for a legal conclusion." Ivanti argues these are contention interrogatories seeking information regarding allegations made in Plaintiff's petition and are therefore proper.

Plaintiff's objections to Interrogatory Nos. 24 and 25 are overruled. Contention interrogatories are expressly permitted by Federal Rule of Civil Procedure 33(a), which states an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some

other time."[20] Contention interrogatories are designed to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position."[21] Rule 33(a)(2) does not dictate the timing of when a contention interrogatory may be answered, but rather permits the Court to order it not be answered until after discovery is complete. The Court declines to do so here as the discovery deadline is a little over a month away. The fact that a discovery request "calls for a legal conclusion" is not a recognized valid objection.[22] Ivanti is entitled to inquire about facts that form the basis of or support Plaintiff's alleged implied contract claim. Those facts include the consideration supporting and terms of Plaintiff's implied contract claim. The motion to compel is granted with respect to Interrogatory Nos. 24 and 25.

### J. Request for Production No. 3

Request for Production No. 3 seeks all Plaintiff's medical records pertaining to all claims and/or injuries for which she seeks recovery and a signed medical records authorization. Plaintiff objects and argues she should not be compelled to provide a blanket request for her medical records based upon her assertion of "garden-variety" damages for emotional distress.

Ivanti argues courts in this District have compelled plaintiffs in similar cases to produce

---

[20] Fed. R. Civ. P. 33(a)(2).

[21] *Smith v. TFI Family Servs., Inc.*, No. 17-02235-JWB-GEB, 2019 WL 266234, at *2 (D. Kan. Jan. 18, 2019).

[22] *Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV, 2010 WL 4822564, at *3 (D. Kan. Nov. 22, 2010).

13

complete medical records—whether for physical or emotional damages or injuries. Plaintiff argues that psychotherapy records are not discoverable in cases involving garden variety emotional distress damages, citing five cases from other districts.

In *Imel v. Forte Products*, a recent case from this District, Magistrate Judge Mitchell discussed a similar argument for discovery of an employment discrimination plaintiff's mental health records based upon his claim for "garden-variety" emotional distress.[23] Following a comprehensive overview, Judge Mitchell rejected the defendant's argument that a bright-line rule exists in this District for production of mental health records when a plaintiff has alleged garden variety emotional distress. Here, the Court likewise rejects utilizing a bright-line rule. Instead, the Court, evaluating the specific facts, allegations, and claims in the case before it, decides whether the particular medical records sought by the discovery request should be discoverable under the standards set forth in Fed. R. Civ. P. 26(b)(1).

Under these standards, the Court will permit the discovery of Plaintiff's medical records as requested by Request No. 3. The Court finds that under the circumstances of this case, the requested medical records are relevant to support or disprove Plaintiff's description of her physical and emotional injuries, as set forth in her answer to Interrogatory No. 17. The Court further finds the Request is appropriately limited in scope to Plaintiff's "claims and/or injuries for which she seeks recovery" in this case. The motion to compel with respect to Request No. 3 is granted.

---

[23] *Imel v. Forte Products*, No. 19-4107-JWB-ADM, 2020 WL 3545627, at *4-*6 (D. Kan. June 30, 2020).

However, as previously discussed, the Court finds Ivanti's proposed medical records authorization is overly broad and would require the production and disclosure of protected health information not relevant to Plaintiff's alleged injuries in this case. Plaintiff is therefore ordered to produce documents responsive to Request No. 3 and to execute a more narrowly crafted authorization for the release of her medical records **within five (5) days of receipt** of such authorization form(s) from Ivanti. If the parties are unable to agree on such authorization form(s) after conferring in good faith, they shall contact the chambers of the undersigned Judge on or before **August 31, 2022** to schedule a telephone conference.

### K.   Request for Production Nos. 6 and 7

Request No. 6 asks Plaintiff to produce documents reflecting the type and amount of income she received after January 1, 2017, including documents showing receipt of wages and/or salary. Request No. 7 seeks complete federal and state income tax returns from 2017 to the present. Plaintiff objected to the Requests as overly broad and not reasonably limited in time and/or scope and then stated she was reviewing her records and will supplement her response. Ivanti's motion to compel, filed an hour before Plaintiff's supplemental production, merely requests that Plaintiff be compelled to supplement the requests. In its reply brief, Ivanti states that Plaintiff's supplemental production provided W-2s for 2017 through 2019, but complains that Plaintiff did not provide W-2s for 2020 or 2021 and has not provided any of her tax returns or IRS Form 4506 for the relevant tax years. It argues it is entitled to a complete document production. The Court finds the requested W-2s for 2020 and 2021 are relevant and responsive to Request No. 6 and orders Plaintiff to produce them.

Compelling production of Plaintiff's tax returns usually requires a finding by the Court

that the returns are relevant to the subject matter of the action and there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.[24] The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.[25] Neither party addressed the additional requirements for discovery of tax returns in the motion briefing. Ivanti has not met its burden to show the relevance of Plaintiff's federal and state income tax returns and related schedules beyond her W-2s. Accordingly, the motion to compel is denied with respect to Request Nos. 6 and 7, except that Plaintiff shall produce her W-2s for 2020 and 2021.

### L.    Request for Production No. 9

Request No. 9 seeks documents that reflect Plaintiff's benefits (including 401k statements) at any place of employment including her employment with Ivanti from January 2015 to present. Plaintiff objected to the Request as overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and requesting documents in the possession of Ivanti. The Court sustains Plaintiff's vague and ambiguous and overbreadth objection in seeking all documents reflecting the broad, undefined term "benefits," from any source (including 401k statements). In her answer to Interrogatory No. 13, Plaintiff provided

---

[24] *Laber v. U.S. Dept. of Def.*, No. 18-1351-JWB-GEB, 2020 WL 4933502, at *1 (D. Kan. Aug. 24, 2020).

[25] *Id.*

information about her annual salary and bonus at her post-termination employers Kofax and Zendesk. The Court further sustains in part the objection that the request seeks benefits-related documents already in the possession of Ivanti while Plaintiff was employed there. The motion to compel with respect to Request No. 9 is denied.

## IV. Request for Expenses Under Fed. R. Civ. P. 37(a)(5)

Ivanti requests the Court award its reasonable attorney's fees and costs in filing the motion to compel. Fed. R. Civ. P. 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[26] In light of the rulings herein, the Court concludes each party shall bear its own expenses in filing or responding to the motion to compel.

**IT IS THEREFORE ORDERED THAT** the Motion to Compel Discovery filed by Ivanti (ECF No. 40) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED THAT** if the parties are unable to agree, after conferring in good faith, on the authorization form(s) to be executed by Plaintiff, they shall contact the chambers of the undersigned Judge on or before **August 31, 2022** to schedule a telephone conference.

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses in filing or responding to the motion to compel.

---

[26] Fed. R. Civ. P. 37(a)(5)(C).

**IT IS FURTHER ORDERED THAT** Plaintiff shall comply with this Memorandum and Order within **fourteen (14) days**.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2022, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge