**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| VIRGINIA ("GINNY") SWEENEY,<br><br>        Plaintiff,<br><br>        v.<br><br>IVANTI, INC. AND CLEARLAKE CAPITAL<br>GROUP, L.P.,<br><br>        Defendants. | Case No. 21-CV-2540-JAR-TJJ |

## MEMORANDUM AND ORDER

Plaintiff Virginia Sweeney brings suit against Defendants Ivanti, Inc. ("Ivanti") and Clearlake Capital Group, L.P. ("Clearlake").  She asserts seven claims relating to the termination of her employment.  This matter comes before the Court on Clearlake's Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim (Doc. 9).  The motion is fully briefed, and the Court is prepared to rule.  For the reasons set forth below, the Court grants Clearlake's motion to dismiss for lack of personal jurisdiction.

I.      **Factual and Procedural Background**

Plaintiff resides in Lenexa, Kansas.  She formerly worked for Ivanti, a company that develops and sells commercial software.  Ivanti is incorporated in Delaware and has its principal place of business in Utah.  Clearlake, a private equity firm, owns Ivanti through intermediaries. Clearlake is incorporated in Delaware and has its principal place of business in California. Plaintiff worked in Kansas and was terminated from her employment in Kansas.

Ivanti (formerly known as HEAT) began employing Plaintiff in 2015.  Prior to Plaintiff's termination, she had an excellent performance record.  On October 12, 2020, Plaintiff had hip surgery.  The following week, her supervisor said he needed to have a call with her.  On October

22, 2020, Plaintiff had the phone call with her supervisor who advised Plaintiff that she was being terminated effective immediately due to performance issues.

Plaintiff alleges that in 2017, Clearlake, the owner of HEAT, purchased another company, Landesk, and merged those two companies into a new company called Ivanti.  Since Clearlake acquired control of Ivanti in 2020, Clearlake has staffed the executive team of Ivanti with personnel loyal to Clearlake and who work in close collaboration with Clearlake.  Plaintiff asserts that the widespread terminations occurring at the end of 2020 could not have occurred without Clearlake's knowledge and approval.

Plaintiff filed suit in the District Court of Wyandotte County, Kansas against Ivanti and Clearlake, and Ivanti removed the case to this Court.  Plaintiff asserts seven claims against both Defendants: (1) disability discrimination in violation of the Rehabilitation Act; (2) disability discrimination in violation of the Americans with Disabilities Act As Amended ("ADAAA"); (3) sex discrimination in violation of Title VII; (4) religious discrimination in violation of Title VII; (5) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (6) retaliation under Title VII, the ADAAA, and Rehabilitation Act; and (7) breach of an implied contract.

Clearlake has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) asserting that the Court lacks personal jurisdiction over it, and alternatively, Plaintiff fails to state a claim under Rule 12(b)(6).  In connection with Clearlake's motion to dismiss, Clearlake's managing director, John Cannon, submitted an affidavit regarding Clearlake's contacts with Kansas and its relationship with Ivanti.[1]  In this affidavit, he avers that Clearlake is an SEC-registered investment advisor.  It is incorporated in Delaware and has its principal place of business in

---

[1] Doc. 10-1.

Santa Monica, California.  Clearlake is not registered to do business in Kansas, does not own, use, or possess real property in Kansas, and does not maintain an office or a bank account in Kansas.  It also does not specifically solicit business or customers in Kansas, nor does it have an agent for service of process in Kansas or have any employees in Kansas.

Cannon further avers that one of the investment funds managed by Clearlake owns a majority interest in Ivanti, a company that sells commercial software.  Clearlake is not, and has never been, in the software business.  Clearlake has minimal contacts and oversight of Ivanti and does not own, service, operate, maintain, supervise, or control any Ivanti offices in Kansas or otherwise.  In addition, Clearlake does not direct, mandate, control, or supervise the day-to-day operations of Ivanti, including the hiring and termination of its employees.  Clearlake never employed Plaintiff or any other individuals that are employed by Ivanti.

Furthermore, Clearlake does not share any employees, offices, assets, or business operations with Ivanti.  Ivanti and Clearlake do not have common directors or offices.  Clearlake does not finance Ivanti or pay for Ivanti's expenses or losses.  Ivanti has its own capital and business assets.

## II.   Legal Standard

A plaintiff bears the burden of establishing personal jurisdiction as to each defendant.[2]  In the absence of an evidentiary hearing, the plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.[3]  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support

---

[2] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[3] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008) (first citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998); then citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

jurisdiction over the defendant."[4]  Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.[5]  When a defendant has produced evidence to support a challenge to personal jurisdiction, the plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.[6]  Courts must resolve all factual disputes in favor of the plaintiff.[7]  Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[8]  If the plaintiff makes a prima facie showing of jurisdiction, "a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[9]

## III.   Analysis

Clearlake contends that it is not subject to general or specific personal jurisdiction in Kansas.[10]  Plaintiff does not dispute that Clearlake is not subject to general jurisdiction.  Thus, specific personal jurisdiction is the only way for this Court to have jurisdiction over Clearlake.

In a federal diversity case, the law of the forum state determines the court's jurisdiction

---

[4] *Id.* (quoting *OMI Holdings, Inc.*, 149 F.3d at 1091).

[5] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007)).

[6] *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (citing *Becker v. Angle*, 165 F.2d 140, 141 (10th Cir. 1947)); *see also Shrader*, 633 F.3d at 1248 (citing *Wenz*, 55 F.3d at 1505).

[7] *Dudnikov*, 514 F.3d at 1070.

[8] *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984) (citing *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 n.2 (10th Cir. 1983)).

[9] *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[10] Clearlake also asserts that Plaintiff fails to state a claim against it because Plaintiff does not plausibly allege that it is Plaintiff's employer, and she fails to adequately allege a breach of implied contract claim.  The Court will only address the personal jurisdiction issue at it is dispositive to the case.

over defendants.[11]  To establish personal jurisdiction over a defendant, a plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[12]  The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court may proceed directly to the constitutional analysis.[13]

The due process analysis is comprised of two steps.  First, the court must consider "whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'"[14]  If the requisite minimum contacts are found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[15]

To establish minimum contacts for the exercise of specific jurisdiction within the bounds of due process, a plaintiff must show: (1) that the defendant purposefully directed activities at the forum state, and (2) that the plaintiff's injuries arise out of the defendant's forum-related activities.[16]  The defendant's suit-related conduct must create a substantial connection with the forum state that arises out of contacts between the defendant and the forum state, not contacts between the plaintiff and the forum state, nor contacts between the defendant and persons who

---

[11] Fed. R. Civ. P. 4(e); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

[12] *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[13] *Fed. Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (quoting *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[14] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159–60 (10th Cir. 2010) (citing *OMI Holdings, Inc.*, 149 F.3d at 1091).

[15] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[16] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

reside in the forum state.[17]  If a plaintiff shows that both the "purposeful direction" and "arising-out-of" prongs of the minimum-contacts test are satisfied, the burden then shifts to the defendant to show that the exercise of specific jurisdiction would "offend[ ] 'traditional notions of fair play and substantial justice.'"[18]  The defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[19]

### A.    Minimum Contacts

 Plaintiff first addresses Kansas's long-arm statute.  Although the long-arm statute is construed liberally and courts can proceed to the due process analysis without considering the long-arm statute, the Court will consider Plaintiff's argument.  Plaintiff states that Kansas's long-arm statute reaches Clearlake because it transacts business in Kansas.  Specifically, she asserts that Clearlake controls Ivanti, has staffed the executive team of Ivanti with personnel loyal to Clearlake, actively manages companies in its portfolios, and the large-scale termination of Ivanti employees could not have occurred without Clearlake's involvement.  Yet, none of these actions adequately allege that Clearlake transacts or does business in Kansas as these allegations are far too general.

In addition, the affidavit from Clearlake's managing director Cannon, contradicts these allegations.  He avers that Clearlake does not do and has never done business in Kansas; Clearlake does not specifically solicit business or customers in Kansas; and Clearlake does not have an agent for service of process in Kansas or any employees in Kansas.  In addition, Cannon avers that Clearlake has minimal contacts and oversight over Ivanti.  As noted above, because

---

[17] *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014).

[18] *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075–76 (10th Cir. 2004) (quoting *OMI Holdings*, 149 F.3d at 1091); *see also World-Wide Volkswagen Corp*, 444 U.S. at 292 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

[19] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Defendant comes forward with evidence challenging personal jurisdiction, Plaintiff must come forward with competent proof to support her jurisdictional allegations.  Plaintiff does not.  Thus, Kansas's long-arm statute does not reach Clearlake.  The Court nevertheless will consider whether Clearlake purposefully directed any activities toward Plaintiff in Kansas.

Plaintiff argues that Clearlake has the requisite minimum contacts with Kansas.  She first asserts that Ivanti employed her in Kansas.  While that allegation may establish Ivanti's contacts with Kansas, it does not establish Clearlake's contacts.  Plaintiff then asserts that "one of the investment funds managed by Clearlake owns a majority interest in Ivanti" and Clearlake actively manages companies in its portfolio.[20]  She contends that through this comprehensive management strategy, Clearlake purposefully availed itself of the privilege of conducting business in Kansas.

These allegations do not establish purposeful direction of Clearlake's activities toward Kansas.  Even if Clearlake owns an investment fund that owns a majority interest in Ivanti, there are no allegations that this relationship is related to any events, including Plaintiff's termination, that occurred in Kansas.  And even if Clearlake employed a comprehensive management strategy with Ivanti, Ivanti's principal place of business is in Utah.

Furthermore, Cannon's affidavit establishes that Clearlake does not direct or control the day-to-day operations of Ivanti.  Clearlake is not involved in Ivanti's hiring or termination of its employees.  Clearlake did not employ Plaintiff or other individuals employed by Ivanti.

Finally, Plaintiff does not assert any allegations or argue that Clearlake and Ivanti are alter egos such that the Court should pierce the corporate veil.  Indeed, Clearlake states it does not share any employees, offices, assets, or business operations with Ivanti.  Ivanti and Clearlake

---

[20] Doc. 19 at 8.

do not have common directors or offices.  And Clearlake does not finance Ivanti or pay for

Ivanti's expenses or losses.  Nothing in Plaintiff's allegations demonstrate purposeful direction

by Clearlake toward Kansas or toward Plaintiff's termination of employment in Kansas.

Accordingly, Plaintiff cannot establish the requisite minimum contacts between Clearlake and

events that occurred in Kansas.[21]

### B.    Jurisdictional Discovery

Plaintiff contends that if the Court finds that minimum contacts have not been alleged,

she should be allowed limited discovery on this topic.  Generally, "[w]hen a defendant moves to

dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues

raised by that motion."[22]  While jurisdictional discovery motions are liberally granted, the party

seeking discovery bears "the burden of demonstrating a legal entitlement to" it.[23]  This burden

includes demonstrating the "related prejudice flowing from the discovery's denial."[24]  A district

court's decision to allow jurisdictional discovery is discretionary; an abuse of discretion occurs if

the district court's denial of discovery results in prejudice to the litigant seeking it.[25]  "Prejudice

is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or

where a more satisfactory showing of the facts is necessary.'"[26]

---

[21] The Court also notes that the exercise of personal jurisdiction over Clearlake would offend traditional notions of fair play and substantial justice.  Because there are no allegations of minimum contacts between Clearlake and the state of Kansas and no allegations of a connection between Clearlake and Plaintiff's causes of actions, it would be unreasonable for Clearlake to anticipate that it would be haled into Kansas for suit against it.

[22] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

[23] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010) (collecting cases).

[24] *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (quoting *Breakthrough Mgmt. Grp.*, 629 F.3d at 1189).

[25] *Breakthrough Mgmt. Grp.*, 629 F.3d at 1189 n. 11.

[26] *Sizova*, 282 F.3d at 1326 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

In this case, Plaintiff does not meet her burden in demonstrating the need for jurisdictional discovery.  Plaintiff does not controvert any of the statements in Clearlake's affidavit that establish Clearlake's lack of contacts with Kansas and lack of involvement with Ivanti's business affairs.  Nor does Plaintiff contend that any of these facts are even disputable.  Plaintiff's general allegations that Clearlake owns a majority interest in an investment fund that owns a majority interest in Ivanti or that Clearlake employed a comprehensive management system of companies in its portfolio are far too attenuated to show that there are disputed questions regarding Clearlake's involvement in Ivanti's business dealings or its termination of Plaintiff.  Thus, the Court denies Plaintiff's request for jurisdictional discovery.

## C.    Severance of Claims

Plaintiff also asserts that if the Court finds that it does not have jurisdiction over Clearlake, the Court should sever the claims against Clearlake and transfer them to the Central District of California.  Plaintiff cites to both 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 21 for support.  Neither of these provisions help Plaintiff.

"'Section 1404(a) only authorizes the transfer of an entire action, not individual claims,' unless those claims are severed under Fed. R. Civ. P. 21."[27]  Rule 21 provides that "[t]he court may [] sever any claim against a party.[28]  This rule gives the Court discretion whether to sever claims.[29]  The Court, however, must consider whether the severance of claims "would serve the

---

[27] *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251, at *6 (D. Kan. Oct. 24, 2014) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991)).

[28] Fed. R. Civ. P. 21.

[29] *Roco*, 2014 WL 5430251, at *6 (citation omitted).

interests of justice, and would further the prompt and efficient disposition of litigation."[30]  In addition, "[s]everance and transfer are only appropriate on rare occasions."[31]

This occasion is not an appropriate one.  Here, Plaintiff asks the Court to sever and transfer the claims against Clearlake to the Central District of California, but Plaintiff continues to assert those same claims against Ivanti here in the District of Kansas.  Not only would that require duplicative litigation over the same claims to occur in both California and Kansas, but there is also no connection to these claims to California.  Plaintiff was not terminated in California, and none of her causes of action have any connection to that forum.  Furthermore, as noted above, Plaintiff has not shown that Clearlake has any connection to the dispute at issue.  Thus, Plaintiff's request is denied.

**D.     Summary**

In sum, the Court finds that it does not have personal jurisdiction over Clearlake.  In addition, it denies Plaintiff's request for jurisdictional discovery because there are no disputed jurisdictional facts.  Finally, the Court denies Plaintiff's request to sever claims against Clearlake and transfer them to California.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Clearlake Capital Group's Motion to Dismiss for lack of personal jurisdiction (Doc. 9) is **granted**.  Defendant Clearlake is dismissed from the case for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: August 18, 2022

---

[30] *Id.*

[31] *Id.* (citing *Chrysler*, 928 F. 2d at 1519).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE